UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 06-301 |
| TREVOR JEFFERY | SECTION "K" |

**ORDER AND OPINION**

**I. Background**

Through information gleaned from a wiretap, DEA agents ("Authorities") determined that Trevor Jeffery ("Jeffery") and a number of other individuals were involved in a drug trafficking and murder conspiracy.[1] Authorities obtained an arrest warrant for Jeffery and a search warrant for his residence.[2] They arrested Jeffery and brought him to 1333 Magnolia Street ("Magnolia residence"), the home he lived in with his parents.[3] Immediately prior to Authorities' search of the Magnolia residence Jeffery admitted to them that he had four ounces of "crack" and a loaded 9mm handgun in his bedroom.[4] Authorities searched the home and found 133.7 grams of cocaine base ("crack") and a loaded Smith and Wesson handgun in Jeffery's bedroom.[5]

A grand jury indicted Jeffery and a number of other defendants in a multi-count indictment.[6] Jeffery's co-defendant, Louis Johnson ("Johnson") filed a motion to suppress the

---

[1]Report of Investigation, Rec. Doc. 353, Ex. 4.

[2]*Id.*

[3]*Id.*

[4]Report of Investigation, Rec. Doc. 364-1, p. 5.

[5]Inventory of Property, Rec. Doc. 353, Ex. 16.

[6]Indictment, Rec. Doc. 193.

1

evidence obtained from the wiretap.[7] During an evidentiary hearing on the motion to suppress, Jeffery's counsel orally expressed his intention to join Jeffery in the motion to suppress.[8] The government consented to Jeffery's joinder in the motion to suppress.[9] The Court acknowledged the government's agreement and then denied the motion.[10]

Jeffery entered into a plea agreement under which he pleaded guilty to (1) conspiracy to possess with intent to distribute a quantity of cocaine hydrochloride; (2) conspiracy to possess a firearm in furtherance of a drug trafficking crime; and (3) possession of a firearm in furtherance of a drug trafficking crime.[11] He also signed a factual basis affirming his guilt on the offenses to which he pleaded guilty.[12] As part of the plea agreement Jeffery preserved his right to appeal the Court's denial of the motion to suppress the wiretap evidence.[13] The Court sentenced Jeffery to 120 months imprisonment on the drug and firearm conspiracy charges to be served concurrently, and 60 months imprisonment on the possession of a firearm in furtherance of a drug trafficking crime charge, to be served consecutive to the sentences on the conspiracy convictions.[14]

Jeffery appealed the district court's denial of the motion to suppress the wiretap. The

---

[7]Transcript of Rearraignment for Louis Johnson, Rec. Doc. 314, p. 25-26.

[8]*Id.*

[9]*Id.*

[10]Order on Motion to Suppress, Rec. Doc. 162, p. 13.

[11]Rearraignment of Trevor Jeffery, Rec. Doc. 221.

[12]Factual Basis, Rec. Doc. 225, p. 7.

[13]Transcript of Rearraignment, Doc. 270, p. 8.

[14]Judgement, Rec.Doc. No. 300, p.2.

2

Court of Appeals affirmed the district court's denial of the motion to suppress as to both Jeffery and his co-defendant.[15]

Subsequently, Jeffery filed a motion to vacate his convictions under §2255 based on ineffective assistance of counsel.[16] Jeffery claims his counsel was ineffective in that he: (1) failed to separately and individually file a motion to suppress on his behalf; (2) failed to make Jeffery aware that there was no formal motion to suppress filed on his behalf so that he pleaded unknowingly; (3) failed to file a motion to suppress the evidence found in Jeffery's bedroom; (4) failed to challenge crime lab results that listed the substance found in Jeffery's bedroom as crack and advised and allowed Jeffery to plead guilty to possession of crack; (5) failed to challenge the charge that Jeffery possessed crack and a firearm; and (6) failed to challenge the charge that Jeffery possessed a firearm in furtherance of a drug trafficking conspiracy.[17]

## II. Ineffective Assistance of Counsel

The petitioner bears the burden of proof in a claim alleging ineffective assistance of counsel. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999) (citing *Clark v. Collins*, 19 F.3d 959, 964 (5th Cir. 1994)). To prevail on a claim of ineffective assistance of counsel, the petitioner must demonstrate that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel must commit error serious enough to deprive the defendant of a fair trial to satisfy an ineffective assistance of counsel claim. *Id.* at 687. With regard to the performance

---

[15]*United States v. Jeffery,* 415 Fed. Appx. 518, 2011 WL 814990 (C.A.5 (La.)).

[16]Motion to Vacate, Rec. Doc. 353.

[17]Memo in Support of Motion to Vacate, Rec. Doc. 353, p. 3.

prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 689. Further, judicial scrutiny of performance of counsel is highly deferential. *Id.*

In order to satisfy the prejudice requirement, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. at 694. It is clear that even "professionally unreasonable errors on the part of counsel do not warrant setting aside a conviction if the error had no effect on the proceeding. *Larsen v. Maggio*, 736 F.2d 215 (5th Cir. 1984). If the defendant makes an insufficient showing on either component of the ineffective assistance of counsel inquiry, it is not necessary to examine the remaining prong of the test. *Strickland v. Washington*, 466 U.S. at 697.

**A. Failure to Suppress Wiretap**

Jeffery claims that his counsel was deficient in failing to file a motion to suppress the wiretap used to gather evidence against him and failing to make him aware that there was no "formal motion [to suppress] filed on his behalf" so that his plea was made unknowingly.[18]

However, the record indicates Jeffery's counsel did join Jeffery in the motion to suppress filed by his co-defendant Johnson.[19] Further, Jeffery's counsel exercised Jeffery's right to appeal the denial of the motion to suppress he joined in with his co-defendant.[20] The Court of Appeals

---

[18]Rec. Doc. 353, p. 3.

[19]Rec. Doc. 314, p.25-26.

[20]Rec. Doc. 314, p. 25-26.

4

denied Johnson's appeal of the motion to suppress and applied that ruling to Jeffery's appeal as well, holding that "[t]o the extent that Jeffery adopted Johnson's appellate challenges to the denial of the motion to suppress, this court's decision rejecting those arguments applies equally to Jeffery."[21] Thus there is no factual basis for Jeffery's contention that his counsel failed to challenge the wiretap evidence. Further, Jeffery has not introduced any facts that demonstrate why filing a separate motion to suppress would have resulted in a different outcome. Absent any distinguishing facts, Jeffery has failed to show that his counsel's decision not to file a motion to suppress separately from Johnson prejudiced him. *Strickland*, 466 U.S. at 684.

**B. Failure to File Motion to Suppress Evidence Found in Room**

**1.Validity of a Search Warrant**

The Fourth Amendment disallows "unreasonable searches and seizures," and ordinarily requires law enforcement to have probable cause for a warrant prior to making an arrest. *Herring v. U.S.*, 555 U.S. 135,136-37 (2009). "In determining whether probable cause exists to order a search, a magistrate is simply to make a practical common-sense decision whether, given all the circumstances set forth in the affidavit before him...there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Peden,* 891 F.2d 514, 518 (5th Cir. 1989), (quoting *United States v. Jackson*, 818 F.2d 345, 348 (5th Cir. 1987) (citation omitted)). It is "only the probability, and not a prima facie showing of criminal activity [that] is the standard of probable cause." *Spinelli v. United States*, 393 U.S. 410, 419 (1969), (citing *Beck v. Ohio*, 379 U.S. 89, 96 (1964)). The Supreme Court construes an affidavit in a common sense manner and gives "deference to the magistrate's determination of probable

---

[21]*Jeffery*, 415 Fed. Appx. At 518.

cause." *Jackson* 818 F.2d at 348 (citing *United States v. McKinney*, 758 F.2d 1036, 1042 (5th Cir.1985)).

Jeffery argues that the search warrant for the Magnolia residence was not supported by probable cause because the magistrate only had information from a confidential informant to support the warrant.[22] Jeffery contends that his counsel was deficient and caused prejudicial harm to his defense by not challenging the search warrant.[23]

Jeffery's account of the evidence presented to the magistrate judge is incomplete and not persuasive. In addition to the information concerning Jeffery's trafficking in drugs provided by the confidential informant, the magistrate judge reviewed an affidavit that included instances of surveilled and recorded phone conversations between Jeffery and his co-defendant Johnson where they conducted drug-related business, as well as a conversation in which they discussed a plot to commit murder.[24] The affidavit also included the testimony of Special Agent Carlton Simmons ("Simmons"). Simmons' sworn statements outline the substantial physical reconnaissance he undertook that confirmed the confidential informants' claim that Jeffery lived and conducted drug related business at the Magnolia residence.[25]

Considering the deference given to a magistrate judge's determination of probable cause and the descriptive criminal nature of the content of the wiretap, the probability standard for issuing a warrant was met. Thus, counsel's failure to challenge the warrant was not deficient.

---

[22]Rec. Doc. 353, p. 25, 35.

[23]*Id*.

[24]Rec. Doc. 225, p. 2.

[25]*Id*.

Under *Strickland* it is not necessary to examine the remaining prong of the test for ineffective assistance of counsel where the defendant makes an insufficient showing on one of the components. *Strickland v. Washington*, 466 U.S. at 697.

**C. Failure to Challenge Lab Report Results**

The following additional facts are relevant to this claim. Following the search and seizure of the crack, it was transported to DEA's South Central Laboratory in Dallas, Texas for testing.[26] The initial lab report labeled the substance found in Jeffery's room as cocaine hydrochloride ("cocaine").[27] Agents who initially observed the substance during the search believed that it was crack, and Jeffery's pre-search admission that he possessed "crack" supports the agents' belief.[28] Without retesting the substance, the lab determined that the substance had been mislabeled as cocaine.[29] The second and final report identified the substance as "cocaine base" or crack.[30]

Jeffery claims ineffective assistance of counsel based on his counsel's failure to challenge the second lab report labeling the substance seized as crack.[31] However, it is significant that Jeffery has never previously disputed that the substance was crack. In fact (1) Jeffery admitted possessing crack immediately prior to the search of the Magnolia residence; and

---

[26]Lab Report, Rec. Doc. 353, Ex. 12.

[27]*Id*.

[28]Rec. Doc. 353, p. 2.

[29]Lab Report 2, Rec. Doc. 353, Ex. 12.

[30]*Id*.

[31]Rec. Doc. 353, p. 22.

7

(2) Jeffery signed a factual basis admitting to possession of crack immediately prior to pleading guilty to the charges.[32] Considering Jeffery's admission that he possessed crack it was not unreasonable for Jeffery's counsel to conclude, as the government contends, that the initial classification of the substance as cocaine was merely a clerical error. Further, Jeffery does not introduce any facts that support the assertion that the substance was in fact cocaine. Given that "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable," the facts here make it clear that Jeffery's counsel acted reasonably in making the strategic decision to not challenge the report identifying the seized substnace as crack. *del Toro v. Quarterman*, 498 F.3d 486, 491-92 (5th Cir. 2007) (citing *Strickland*, 466 US at 689-90).

**D. Failure to Challenge Charges of Possession of Crack and Firearms**

**1. Constructive Possession**

Jeffery asserts his counsel rendered ineffective assistance by failing to challenge the charges of conspiracy to possess with intent to distribute crack and possession of a firearm.[33] He maintains that because he did not jointly occupy the Magnolia residence, owned by his parents, he could not have had dominion over the crack and guns found by authorities therein, and thus, did not have constructive possession of the crack and guns.[34]

The government may prove constructive possession by circumstantial evidence. *United States v. De Leon*, 170 F.3d 494, 496 (5th Cir.1999); *United States v. Jones* F.3d 358, 362 (5th

---

[32]Rec. Doc. 364-1, p. 5.

[33]Rec. Doc. 353, p. 12.

[34]*Id*.

8

Cir.1998). Although dominion, control and knowledge can usually be inferred where a defendant has exclusive possession of the place where the illegal item is found, this inference cannot be made where a defendant jointly occupied the place where the contraband is found. *United States v. Moreland* 655 F.3d 150 (5th Cir.2011); *United States v. Crain*, 33 F.3d 480, 486 (5th Cir.1994) When the government wants to prove constructive possession of materials in a jointly occupied location, it must present more than joint occupancy; it must present additional evidence of the defendant's knowing dominion of the materials. *United States v. Mergerson*, 4 F.3d 337, 349 (5th Cir. 1993). A conviction based on constructive possession may be upheld only where the prosecution has proven that there is evidence aside from mere joint occupancy that "supports at least a plausible inference that the defendant had knowledge of and access to the...contraband." *Moreland* 655 F.3d at 150; *Megerson*, 4 F. 3d at 349.

The Investigation Report indicates that Jeffery admitted residing at the Magnolia residence and also admitted possessing crack and a loaded 9mm handgun in his bedroom immediately prior to authorities' search of the premises.[35] Further, Agent Simmons' physical reconnaissance and information from the confidential informant confirm that Jeffery conducted drug-related activities at the Magnolia residence.[36] Moreover, the search of the premises located the gun on the bed, an open and obvious location. *Id.* The Factual Basis signed by Jeffery in connection with his guilty plea stated, "[a] search of Jeffery's room in the residence yielded...a loaded 9mm Smith and Wesson handgun on the bed."[37] Jeffery's own admissions both prior to

---

[35] Rec. Doc. 364-1, Ex. 4.

[36] Rec. Doc. 225, p. 2.

[37] Rec. Doc. 225, p. 6.

the search of the Magnolia residence and during his re-arraignment qualify as conclusive evidence demonstrating that Jeffery had knowledge of and access to the crack and the loaded gun.[38] Jeffery's counsel did not perform deficiently by failing to challenge whether Jeffery possessed the crack and the guns.

**E. Failure to Challenge Charge of Possession of Firearm in Furtherance of Drug Trafficking Conspiracy**

**1. Nexus Between Firearm and Drug Trafficking Conspiracy**

Jeffery also claims ineffective assistance of counsel because his counsel failed to attack the charge of possession of a firearm in furtherance of a drug trafficking crime by urging that an insufficient nexus existed between the gun seized at the Magnolia residence and the drug trafficking conspiracy.[39]

Federal law criminalizes possession of a firearm when possession is "in furtherance of a drug-trafficking crime." 18 U.S.C. 924(c)(1)(A). "Possession is 'in furtherance' of a drug-trafficking offense when it furthers, advances, or helps forward that offense." *United States v. Ceballos-Torres*, 218 F.3d 409, 410-11(5th Cir.), *amended on other grounds*, 226 F.3d 651 (5th Cir.2000). The factors aiding a determination of whether possession of a firearm furthers, advances, or helps forward a drug trafficking offense include the following: (1) the type of drug activity that is being conducted, (2) the accessibility of the firearm, (3) the type of weapon, (4) whether the weapon is stolen, (5) the status of the possession (legitimate or illegal), (6) whether the gun is loaded, (7) proximity of the weapon to drugs or drug profits, and (8) the time and

---

[38]Rec. Doc. 270.

[39]Rec. Doc. 353, p. 27.

circumstances under which the gun is found. *Id.* at 414-15.

Based on the *Ceballos* factors, the record establishes a strong nexus between the conspiracy and the firearm found at the Magnolia residence. Possession of the firearm by Jeffery was illegal, the firearm was loaded, was found in an open, readily accessible location, was found in the same room as 133.7 grams of crack, and was found in Jeffery's bedroom following Authorities' receipt of information indicating Jeffery was a part of a drug trafficking and murder conspiracy.[40] Jeffery also admitted to Authorities that the firearm and crack were in the room prior to their search and discovery of the firearm and crack.[41] Given these facts, the government had more than sufficient evidence to establish the nexus between the seized firearms and "furtherance of a drug trafficking crime." Jeffery's counsel did not perform deficiently in advising his client to plead guilty to the charge. According, Jeffery has failed to establish that his counsel performed deficiently. The Court denies defendant *habeas corpus* relief under U.S.C. §2255.

New Orleans, Louisiana, this 30th day of July, 2012.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE

---

[40]Report for Cash or Other Items, Rec. Doc. 353, Ex. 15.